UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES,<br>        Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY,<br>        Defendant | )<br>)<br>)<br>) |

## NOTICE OF REMOVAL

The defendant, St. Paul Fire and Marine Insurance Company, hereby petitions this Court

that the above-entitled action, now pending against it in Superior Court of the Commonwealth of

Massachusetts in and for the County of Hampden, Civil Action No.: 05 230, be removed

therefrom to this Court under 28 U.S.C. Sections 1332 and 1441.  In support of this Notice, the

defendant states as follows:

1.        On or about March 15, 2005, the defendant, St. Paul Fire and Marine Insurance

Company, was served with a copy of the Summons and Complaint in this action.

2.        The defendant, St. Paul Fire and Marine Insurance Company, at the

commencement of this suit was and has continued to be a Minnesota corporation, having its

principal place of business in St. Paul, Minnesota.

3.        According to the allegations of the complaint, the plaintiff, Eljac Corporation

d/b/a Holden Associates, is a Massachusetts corporation with a principal place of business in

East Longmeadow, Hampden County, Massachusetts.



4.    This is a civil action in contract, in which the plaintiff claims damages for breach of a contract of insurance and related damages under Mass. Gen. L. ch. 93A and 176D.

5.    The matter in controversy is likely to exceed the sum of $75,000.00 exclusive of interest and costs as the Civil Action Cover Sheet filed in the Superior Court by the plaintiff details $423,238.14 in alleged damages.

6.    The underlying action may be removed to this Court by the petitioners pursuant to the provisions of 28 U.S.C. § 1441 and § 1332 in that the action arises under a claim involving diversity of citizenship wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7.    Within thirty days of the filing of this Notice of Removal, defendant shall file certified or attested copies of all records and proceedings in the State Court, and a certified or attested copy of all docket entries in the State Court pursuant to L.R. 81.1 of this Court.

WHEREFORE, the defendant, St. Paul Fire and Marine Insurance Company, prays that the above-entitled action now pending in Hampden County of the Commonwealth of Massachusetts be removed to this Court.

The Defendant,
ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

By Its Attorneys,
MORRISON MAHONEY LLP

John F. Burke, Jr., BBO #065140
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 3/30/05.

2

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: *HAMPDEN* |
|---|---|---|

| PLAINTIFF(S)  ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES | DEFENDANT(S)  ST. PAUL FIRE AND MARINE INSURANCE COMPANY |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413)732-2825<br>Carolyn L. McCaffrey, Esq., Frank P. Fitzgerald, P.C.<br>1391 Main Street, Ste.600, Springfield, MA<br>Board of Bar Overseers number: *646810*          01103 | ATTORNEY (If known) |
|---|---|

### Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Ins. Contract | ( F ) | (X ) Yes      ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $.........
2. Total Doctor expenses .............................................. $.........
3. Total chiropractic expenses ........................................ $.........
4. Total physical therapy expenses .................................... $.........
5. Total other expenses (describe) .................................... $.........
                                                          Subtotal $.........
B. Documented lost wages and compensation to date ....................... $.........
C. Documented property damages to date .................................. $.........
D. Reasonably anticipated future medical and hospital expenses ........... $.........
E. Reasonably anticipated lost wages .................................... $.........
F. Other documented items of damages (describe)
                                                                 $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                 $.........
                                                          TOTAL $.........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Defendant's failure and refusal to provide coverage for loss, defend and indemnify Plaintiff, as required pursuant to the insurance contract between the parties has caused the Plaintiff to suffer damages.

                                                          TOTAL $.423,238.14..

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record *Carolyn McCaffrey*                    DATE: 3-3-05
                              Carolyn L. McCaffrey, Esq.

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

*Personally Rec'd @ CHS 3/15/05 11:05 am by PA*

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05 230

ELJAC CORP. DBA _____, PLAINTIFF(S)
HOLDEN ASSOCIATES

V.

SUMMONS

ST. PAUL FIRE AND MARINE _____, DEFENDANT(S)
INSURANCE COMPANY

<div align="center">To the above named defendant:</div>

You are hereby summoned and required to serve upon

_____CAROLYN L. MCCAFFREY, ESQ._____, plaintiff's attorney, whose address is
1391 Main St., Ste. 600, Spfld., MA___, an answer to the complaint which is herewith served upon
you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before
service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter
of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio, Esq.~~ Barbara J. Rouse, Esquire at Springfield the _____day of
_____ in the year of our Lord two thousand ~~four~~ five.

*Marie G. Mazza*

<div align="center">Clerk / Magistrate</div>

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

<div style="writing-mode: vertical">NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.</div>

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

_____

Dated:_____, 2003

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

(_____)
(                          , 2003 )
(_____)

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, ss.                                    SUPERIOR COURT DEPT.
                                                CIVIL ACTION NO. 05 ‑ 236

_____
ELJAC CORPORATION d/b/a HOLDEN    )
ASSOCIATES,                       )
              Plaintiff,          )
                                  )        **COMPLAINT**
         v.                       )
                                  )
ST. PAUL FIRE AND MARINE          )
INSURANCE COMPANY,                )
              Defendant.          )
_____  )

## PARTIES

1.  Plaintiff, ELJAC Corporation d/b/a Holden Associates (hereinafter "ELJAC"), is a Massachusetts corporation with a principal place of business located at 65 Maple Street, East Longmeadow, Hampden County, Massachusetts.

2.  Defendant, St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"), is now and at all times herein mentioned is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 385 Washington Street, St. Paul, Minnesota.

3.  Jurisdiction over the Defendant, St. Paul, is conveyed upon this court under G.L. c. 223A, §3.

## FACTS COMMON TO ALL COUNTS

4.  The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 3 of this Complaint.

5.  During the period of 1996 through October 1, 2001, Plaintiff operated a payroll service under the trade name "Professional Payroll Services," which included accepting and escrowing funds on behalf of its customers for the payment of wages and taxes.

6.  On or about May 6, 2001 Plaintiff, purchased and obtained a Professional Liability Policy through the Defendant, St. Paul, Policy No. GL00636530 (hereinafter "the Policy."

1

7.   The Policy provides that, Defendant St. Paul, will "pay amounts any protected person is legally required to pay as damages for covered loss that:

     (a)   results from the performance of professional services; and

     (b)   is caused by a wrongful act committed on or after the retroactive date and before this agreement ends." *Insuring Agreement pg.1-2 attached here as Exhibit A.*

8.   Pursuant to its terms, the Policy was effective retroactively to May 6, 1999. *Liability Coverage Summary attached here as Exhibit B.*

9.   "Professional services" is defined as those professional services performed by or on behalf of a protected person in the capacity of an accountant, bookkeeper, enrolled agent or tax preparer. *Exhibit A.*

10.   "Wrongful act" is defined to include an error, omission, or negligent act. *Exhibit A.*

11.   Pursuant to the terms of the Policy, Plaintiff, its officers, directors and employees are "protected persons" under the Policy. *Exhibit A.*

12.   During the period of November 19, 2001 through November 22, 2002, Plaintiff and its customers made claims to Defendant St. Paul for coverage of covered losses sustained as a result of inadvertently, not collecting sufficient funds to cover the payment of payroll for Professional Payroll Service customers.

13.   On or about November 22, 2002 Defendant, St. Paul, notified Plaintiff of its decision to decline coverage for losses claimed by the Plaintiff and its customers.

14.   Pursuant to the terms of the Policy, Defendant had a duty to provide coverage for loss, defend and indemnify suits.

15.   On October 1, 2001 the Plaintiff entered into an Asset Purchase Agreement with a third party for the Sale of its payroll service. As a result of the Defendant's failure to provide coverage, the sale was delayed and the Plaintiff's payroll business lost value and returned a reduced sale price.

## COUNT I
### *(Breach of Contract)*

16.   The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17.   In accordance with the terms of the Policy, St. Paul had a duty to provide coverage for loss, defend and indemnify suits on Plaintiff's behalf.

18.    Defendant has failed and refused to comply with its contractual duties and has therefore breached the contract.

19.    Due to Defendant's breach the Plaintiff made payments to settle claims, incurred attorney's fees and costs in defending law suits by customers and was caused to suffer the diminution of the sale value of the payroll service.

<div align="center">

COUNT II
*(Violation of G.L. c.176D §3 and G.L.c. 93A §§ 2 and 11)*

</div>

20.    The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21.    The Defendant's acts, as set forth above, constitute a willful and knowing unfair claim settlement practice by "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" in violation of G.L.c. 176D.

22.    The Defendant's acts, as set forth above, constitute a willful and knowing unfair settlement claim practice by "failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under," the Policy, in violation of G.L.c. 176D.

23.    Such unfair claim settlement practices by St. Paul constitute violations of G.L. c. 93A §2 and §11.

24.    As a result of the Defendant's conduct, the Plaintiff has suffered damages, including without limitation, payments made to settle claims, incurred attorney's fees and costs in defending law suits by customers and the diminution of the sale value of the payroll service.

WHEREFORE, Plaintiff, ELJAC Corporation d/b/a Holden Associates demands the following:

1.    That judgment enter in favor of the Plaintiff, ELJAC Corporation d/b/a Holden Associates, against Defendant, St. Paul Fire and Marine Insurance Company, on all counts of the Plaintiff's Complaint;

2.    That Plaintiff be awarded treble damages, costs and attorney's fees as provided by G.L.c. 93A §11; and

3.    For such other and further relief that this court deems just and proper.


**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

THE PLAINTIFF,
ELJAC CORPORATION d/b/a HOLDEN
ASSOCIATES
By its Attorney,


Dated: March 3 , 2005

Carolyn L. McCaffrey, Esq.
BBO #646810
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103
(413) 732-2825
Fax (413) 732-3346

PLAINTIFF'S
EXHIBIT

A

# ACCOUNTANTS PROFESSIONAL LIABILITY PROTECTION –
## CLAIMS-MADE

**TheStPaul**

This insuring agreement provides professional liability protection for professional services performed by or for you. There are, of course, limitations and exclusions that apply to that protection. As a result, all protected persons should read this agreement carefully to determine the extent of coverage.

**Important note.** This is a claims-made insuring agreement. To be covered, a claim or suit must be first made or brought, and reported to us, while this agreement is in effect, or during a reporting period if one applies. This agreement should be read carefully, especially the What This Agreement Covers, When This Agreement Covers, and Limits Of Coverage sections.

## Table of Contents

| | Page |
|---|---|
| **What This Agreement Covers** | 1 |
| Accountants liability. | 1 |
| Disciplinary proceeding expenses. | 3 |
| Right and duty to defend a protected person. | 3 |
| Right to appeal a judgment against a protected person. | 3 |
| Additional payments. | 4 |
| **When This Agreement Covers** | 4 |
| During this agreement or the limited reporting period. | 4 |
| When we consider a claim or suit to be first made or brought. | 4 |
| When we consider a claim or suit to be first reported to us. | 5 |
| When we consider a wrongful act to be first reported to us. | 5 |
| When the limited reporting period will apply. | 5 |
| How the limited reporting period applies. | 5 |
| When and how an extended reporting period can be added. | 5 |
| How the extended reporting period applies. | 5 |
| What we'll charge for the extended reporting period. | 6 |
| **Where This Agreement Covers** | 6 |
| **Who Is Protected Under This Agreement** | 6 |
| Individual. | 6 |
| Partnership or joint venture. | 6 |
| Limited liability company. | 6 |
| Corporation or other organization. | 6 |
| Employees. | 6 |
| Independent contractors. | 6 |
| Partners, directors, executive officers, or employees who have left your firm. | 7 |
| Legal representatives of certain protected persons. | 7 |
| Predecessor in business. | 7 |
| Successor in business. | 7 |
| Separation of protected persons. | 7 |
| **Limits Of Coverage** | 7 |
| Each wrongful act limit. | 7 |
| Total limit. | 7 |
| How the limits of coverage apply to an extension of the policy period. | 7 |
| How the limits of coverage apply to the limited and extended reporting periods. | 8 |
| **Deductibles** | 8 |
| Each wrongful act deductible. | 8 |
| Total deductible. | 8 |
| **Exclusions – What This Agreement Won't Cover** | 8 |
| Check signing. | 8 |
| Contract liability. | 8 |
| Criminal, dishonest, fraudulent, or intentionally wrongful acts or omissions. | 8 |
| Computer hardware and software development. | 8 |
| Injury or damage. | 8 |
| Investment of funds. | 9 |
| Known wrongful acts. | 9 |
| Securities. | 9 |
| Series of related wrongful acts. | 9 |
| Specified fiduciary activities. | 9 |
| Specified services. | 9 |
| **Other Insurance** | 9 |
| Other primary insurance. | 9 |
| Excess insurance. | 9 |
| Methods of sharing. | 10 |

## What This Agreement Covers

**Accountants liability.** We'll pay amounts any protected person is legally required to pay as damages for covered loss that

The**St Paul**

- results from the performance of professional services; and
- is caused by a wrongful act committed on or after the retroactive date and before this agreement ends.

*Protected person* means any person or organization who qualifies as a protected person under the Who Is Protected Under This Agreement section.

*Damages* means judgments, awards, and settlements. It does not include civil or criminal fines, sanctions, penalties, or forfeitures.

However, we will pay punitive or exemplary damages where insurable by law.

*Professional services* means those professional services performed by or on behalf of a protected person in any of the following capacities:

- Accountant, bookkeeper, enrolled agent, or tax preparer.
- Notary public.

*Accountant, bookkeeper, enrolled agent, or tax preparer* means a protected person who:

- provides tax advice;
- prepares tax returns;
- files tax returns;
- provides tax proceeding representation;
- compiles, prepares, or assembles financial data statements in accordance with:
  - Generally Accepted Accounting Principles;
  - Generally Accepted Tax Accounting Principles;
  - Internal Revenue Service Tax Code Guidelines; or
  - Other Comprehensive Basis of Accounting;
- assists in the maintenance and preparation of financial records, including the posting of receipts, disbursements, and adjustments in the accounting records;
- reconciles accounting activity to subsidiary records;
- reviews documents for accuracy and coding;
- maintains fixed asset records;

- maintains payroll registers, record employees earnings, and prepares checks for your clients;
- reviews invoices or statements of on behalf of your clients and prep the payment of such items with c funds, but not including the sign n checks;
- services, consults, orders, delives installs, and trains in the use of c hardware, software, and related su for your clients;
- serves as a fiduciary; or
- prepares financial review state nen provided that the protected person Certified Public Accountant or Publ Accountant (licensed by a state bo accountancy), Enrolled Agent, Accre Business Accountant, Accredited Ta Advisor, or an Accredited Tax Prep

*Notary public* means attesting to the authenticity of signatures by a notary

*Fiduciary* means serving as a trustee conservator, executor, guardian, o ra provided that such services are guara under a bond.

*Wrongful act* means an error, om ssic negligent act, advertising injury, or pe injury.

*Advertising injury* means injury that's caused by the unauthorized use of an advertising idea, material, slogan, styl title of others in your advertising.

*Personal injury* means injury that's ca by any of the following offenses:

- False arrest, detention or imprisonm
- Malicious prosecution.
- Wrongful entry into, or wrongful evi from a room, dwelling, or premises person occupies.
- Invasion of the right of private occu of a room, dwelling, or premises tha person occupies.
- Libel or slander.
- Making known to any person or organization written or spoken materi that disparages the products, work or completed work of others.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

The St Paul

- Making known to any person or organization written or spoken material that violates a person's right of privacy.

*Retroactive date* means the retroactive date shown in the Coverage Summary. It is the earliest date that a wrongful act may be committed and cause loss covered by this agreement.

If the Coverage Summary indicates that no retroactive date applies, any reference to a retroactive date in this agreement is deleted and does not apply.

**Disciplinary proceeding expenses.** We'll pay disciplinary proceeding expenses that:

- result from the performance of professional services by or for you;
- are caused by any wrongful act that occurs on or after the retroactive date and before the ending date of this agreement; and
- are reported to us during the policy year.

However, we won't pay more than $2,500 for the combined total of all such expenses that result from all disciplinary proceedings in a policy year.

No deductible applies to disciplinary proceeding expense payments.

*Disciplinary proceeding expenses* means fees and expenses that result from the investigation, settlement, defense, or appeal of any disciplinary proceeding:

- charged by any attorney that we designate and appoint; and
- our expenses, other than the expenses of our employees.

However, disciplinary proceeding expenses do not include:

- any fines, penalties, or sanctions assessed against any protected person as a result of any disciplinary proceeding; or
- the return of client fees.

*Disciplinary proceeding* includes any formal scheduled hearing by any state regulatory or disciplinary official or agency to investigate any charges alleging professional misconduct in performing professional services.

*Policy year* means the policy period shown in the introduction, or the period of time this agreement is in effect, whichever is less. But when that period is longer than one year, each annual period will be a separate policy year and a separate agreement.

*Agreement* means this insuring agreement which is in effect for the policy period shown in the introduction.

**Right and duty to defend a protected person.** We'll have the right and duty to defend any protected person against a claim or suit for loss covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform other acts or services.

We'll have the right to investigate any claim or suit to the extent that we believe is proper. We'll also have the right to settle any claim or suit within:

- any applicable deductible; or
- the available limits of coverage.

Our duty to defend protected persons ends when we have used up the limits of coverage that apply with the payment of judgments or settlements.

However, we won't agree to the final settlement of any claim or suit without your written consent. But if you refuse to give us your consent, we won't pay more than we would have paid had you consented to the proposed settlement

*Claim* means a demand that seeks monetary damages.

*Suit* means a civil proceeding that seeks monetary damages. It includes:

- an arbitration proceeding for such monetary damages to which the protected person must submit, or submits with our consent; and
- any other alternative dispute resolution proceeding for such monetary damages to which the protected person submits with our consent.

**Right to appeal a judgment against a protected person.** We'll have the right to appeal a

The St Paul.

judgment awarded in a suit for any wrongful act covered by this agreement if:

- we defend a protected person against the suit; and
- the judgment is awarded against that protected person.

If we appeal such a judgment, we'll pay all expenses which result directly from that appeal, including postjudgment interest and cost of appeal bonds. Such appeal expenses are in addition to the limits of coverage. However, the results of an appeal won't change the limits of coverage that apply under this agreement.

**Additional payments.** We'll have the duty to make only the additional payments shown below in connection with any claim or suit under this agreement against a protected person when we:

- investigate or settle the claim or suit; or
- defend the protected person against the claim or suit.

These payments are in addition to the limits of coverage. Also, no deductible applies to these additional payments.

Our duty to make additional payments ends when we have used up the limits of coverage that apply with the payment of judgments or settlements.

1. *Bonds to release property.* We'll pay the cost of bonds to release property that's being used to secure a legal obligation. However, we don't have to furnish such bonds.

2. *Defense expenses.* We'll pay all defense expenses.

   *Defense expenses* means all fees, costs and expenses that result directly from the investigation, adjustment, settlement, defense or appeal of a specific claim or suit. However, defense expenses do not include legal fees charged or incurred by the protected person without our consent.

3. *Expenses incurred by protected persons.* We'll pay all reasonable expenses that any protected person incurs at our request while helping us investigate or settle or defend a protected person against a claim or suit. However, we won't pay more than $500 per day for

earnings actually lost by a prot person because of time taken c and we won't pay more than a $10,000 for all such expenses i all protected persons in a polic We have no duty to pay any ot expenses incurred by any prote person.

4. *Our expenses.* We'll pay all ex we incur.

5. *Post-judgment interest.* We' interest that accumulates on tha a judgment for which we make payment from the date of the j to the date we pay, or deposit the amount of coverage that ap the judgment.

6. *Prejudgment interest.* We'll pa prejudgment interest awarded ag protected person on that part of judgment we pay. We will not prejudgment interest that accum after the date we make a sette offer to pay the available limit coverage.

7. *Taxed costs.* We'll pay all costs against any protected person in

**When This Agreement Covers**

**During this agreement or the limited re period.** We'll apply this agreement t or suits for covered loss only wher

- first made or brought against a pr person while this agreement is in and
- first reported to us while this agr is in effect, or during the limited period, if it applies.

We'll also apply this agreement to v acts first reported to us while this agreement is in effect, or during the reporting period if it applies.

*Limited reporting period* means the starting with the ending date of the year, during which claims or suits fc covered loss, or wrongful acts, may reported to us.

**When we consider a claim or suit to b made or brought.** We'll consider a cla

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

The St Paul

suit for covered loss to be first made or brought against a protected person on the date that any protected person first receives written notice of that claim or suit.

We'll also consider all claims or suits for covered loss caused by a wrongful act, or a series of related wrongful acts, to have been made or brought on the date that the first of those claims or suits is first made or brought.

*Series of related wrongful acts* means two or more wrongful acts, including repeated or continuous wrongful acts, that are directly or indirectly related to the same loss.

**When we consider a claim or suit to be first reported to us.** We'll consider a claim or suit for covered loss to be first reported to us on the date that we first receive written notice from any protected person of a claim or suit made or brought against a protected person.

**When we consider a wrongful act to be first reported to us.** We'll consider a covered wrongful act to be first reported to us on the date that we first receive written notice of a wrongful act from any protected person. However, we won't accept such notice unless it also describes what loss may result from the wrongful act.

**When the limited reporting period will apply.** The limited reporting period will automatically apply at the end of the policy year, without an additional premium.

However, the limited reporting period won't apply to claims or suits or wrongful acts other insurance you buy:

• applies to them; or
• would have applied to them but won't because its limits of coverage have been used up.

**How the limited reporting period applies.** The limited reporting period doesn't extend the time this agreement is in effect. As a result, we'll consider any claim or suit, or wrongful act, first reported to us during the limited reporting period to have been reported to us on the ending date of the policy year to which the limited reporting period applies.

**When and how an extended reporting period can be added.** If this agreement is terminated or changed, an extended reporting period can be added with an extended reporting period endorsement.

However, we won't issue an extended reporting period endorsement unless we receive a written request for it within 60 days after this agreement is terminated or changed.

In addition, the endorsement won't take effect unless:

• your earned premium for this agreement is paid in full; and
• the additional premium, if any, for the extended reporting period is paid when due.

Once the endorsement takes effect, it can't be canceled by you or by us.

*Terminated or changed* means:

• any cancellation or nonrenewal of this agreement by you or by us;
• any decrease in the limit of coverage;
• any increase in the deductible or self-insured retention;
• any addition of a new limitation or exclusion; or
• any other change that reduces coverage.

*Extended reporting period* means the 12 month, 24 month, 36 month, or unlimited time selected by you, starting with the ending date of this agreement during which claims or suits for covered loss, or wrongful acts, may be reported to us.

**How the extended reporting period applies.** The extended reporting period replaces the limited reporting period. Also, the extended reporting period doesn't extend the time that this agreement is in effect. As a result, we'll consider any claim or suit, or wrongful act, reported to us during the extended reporting period to have been first reported to us on the ending date of this agreement.

In addition, the extended reporting period will cause us to apply this agreement as excess insurance over certain other insurance. We explain when and how we'll do so in the Other primary insurance section and Excess insurance section.

Insuring Agreement

The St.Paul

## What we'll charge for the extended reporting period.

The premium charge for the extended reporting period options are shown in the Coverage Summary.

However, we agree to add an extended reporting period for an unlimited time at no cost if:

1. you are shown in the Introduction as an individual only;

2. you have been continuously insured by us for at least three consecutive years;

3. this agreement is canceled or not renewed as a result of your death, your total disability, or your retirement from business operations; and

4. included with the request for the extended reporting period endorsement we are provided with:

   - a written statement attesting to your date of birth and the date of your retirement from business operations;
   - proof of your total disability; or
   - proof of your death.

*Retirement from business operations* means your withdrawal from all business operations covered under this agreement on or after you reach age 55.

*Proof of your total disability* means certification from a medical doctor that as a result of sickness or disease you are no longer able to perform any substantial and material duties of your business operations covered under this agreement.

*Proof of your death* means a certified copy of a death certificate.

## Where This Agreement Covers

We'll defend claims and suits, and pay judgments and settlements, for covered loss that's caused by a wrongful act committed anywhere in the world. But only if the claim or suit is brought in the United States of America, its territories or possessions, Puerto Rico, or Canada.

## Who Is Protected Under This Agreement

**Individual.** If you are shown in the Introduction as the named insured an individual, you and your spouse are protected persons only for professio services performed for a business of you are the sole owner.

**Partnership or joint venture.** If you are in the Introduction as a named insure partnership or joint venture, you are protected person. Your partners or venturers, and their spouses, are prote persons only for professional services performed by or for you.

**Limited liability company.** If you are sh the Introduction as a named insured a limited liability company, you are a protected person. Your members are protected persons only for performing professional services. And your man are protected persons only for their as your managers.

**Corporation or other organization.** If you shown in the Introduction as a named insured and a corporation or an other organization, you are a protected pers Your directors and executive officers protected persons only for the conduc their duties as your directors or exec officers. And your stockholders are stockholders are protected persons or their liability as your stockholders.

*Other organization* means an organiza other than a corporation, partnership, venture, or a limited liability company.

*Executive officer* means any person h an officer position created by the cha constitution, by-laws, or other similar governing document of a corporation other organization.

**Employees.** Your employees, including temporary employees, are protected pe only for work performed within the sco of their employment by you.

**Independent contractors.** Independent contractors you hire are protected pers only for work performed within the sco of their duties for you.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

The St Paul

**Partners, directors, executive officers, or employees who have left your firm.** Any partner, director, or executive officer who has left your firm is a protected person, but only for professional services that were performed for you.

Any employee who has left your firm is a protected person, but only for work performed within the scope of their employment by you.

**Legal representatives of certain protected persons.** Any legal representative of a protected person who has died or become mentally incompetent is a protected person only for the rights and duties of that deceased or mentally incompetent protected person under this agreement.

**Predecessor in business.** Any predecessor in business is a protected person.

*Predecessor in business* means any accounting firm that has been dissolved and:

- some or all of such firm's principals, owners, officer, or partners have joined you and such persons were responsible for producing more than 50% of the prior firm's gross billings and such billings have been assigned or transferred to you; or
- at least 50% of the principals, owners, partners, or officers of the prior firm have joined you.

**Successor in business.** Your successor in business is a protected person.

However, any successor in business who is an insured under any similar liability policy or agreement, even if the limits of liability under such policy or agreement have been exhausted or used up, is not a protected person.

All coverage under this agreement for any successor in business will end at the earliest of the following dates:

- on the ending date of this agreement; or
- 90 days from the date of your dissolution unless we are provided with:
  - written notice together with all information we request;
  - we agree to continue coverage for the successor in business; and
  - any additional premium is paid when due.

*Successor in business* means, after your dissolution, any accounting firm that:

- some or all of your principals, owners, officers, or partners have joined an existing, or formed a new, accounting firm and such persons were responsible for producing more than 50% of your annual gross billings at the time of dissolution and such billings have been assigned or transferred to the successor accounting firm; or
- at least 50 % of your principals, owners, partners, or officers have joined an existing, or formed a new, accounting firm.

**Separation of protected persons.** We'll apply this agreement separately to each protected person.

However, the limits of coverage shown in the Coverage Summary are shared by all protected persons. We explain how in the Limits Of Coverage section.

Also, any right or duty specifically assigned to the first named insured remain unchanged. We explain those rights and duties in the General Rules, which is a part of your policy.

## Limits Of Coverage

The limits shown in the Coverage Summary and the information contained in this section fix the most we'll pay as damages, regardless of the number of:

- protected persons;
- claims made or suits brought; or
- persons or organizations making claims or bringing suits.

**Each wrongful act limit.** This is the most we'll pay for all covered loss that is caused by any one wrongful act or series of related wrongful acts.

**Total limit.** This is the most we'll pay for the combined total of all claims and suits for covered loss that are first made or brought, and reported to us, in a policy year.

**How the limits of coverage apply to an extension of the policy period.** If the policy period shown in the Introduction is extended

**The StPaul**

for less than 12 months, we'll consider each extended period to be a part of the last policy year. For example:

*Your policy period is for one year. During the policy year you request a three month extension. We agree. As a result, your policy year becomes 15 months. It will be subject to the same limits of coverage that applied when the policy year was 12 months.*

**How the limits of coverage apply to the limited and extended reporting periods.** The limits of coverage that apply on the ending date of the policy year aren't renewed or increased for claims or suits for covered loss first reported to us during the limited reporting period.

However, if the extended reporting period is added, the Total limit that applies on the ending date of this agreement is renewed in full. But it will apply only to those claims and suits for covered loss that are first reported to us during the extended reporting period.

**Deductibles**

The deductibles shown in the Coverage Summary and the information contained in this section fix the amount of damages that you'll be responsible for paying. Only those deductibles for which amounts are shown in the Coverage Summary apply.

The deductible won't apply to coverage provided in the Additional Payments section of this agreement.

We will pay all or part of the deductible for you, unless we agree to do otherwise. When we do make payment, you agree to repay us promptly after we notify you of the payment.

**Each wrongful act deductible.** You'll be responsible for the amount of damages within this deductible for all covered loss caused by any one wrongful act or series of related wrongful acts.

**Total deductible.** This is the most you and other protected persons will pay for the combined total of all deductibles in a policy year.

If this deductible does not apply, y[...] responsible for the Each wrongful a[...] deductible without further limitation, regardless of how often it appl[...]

**Exclusions – What This Agreement Wo[...]**

**Check signing.** We won't cover los[...] results from your signature on any [...] draft, or similar negotiable instr[...]

**Contract liability.** We won't cover los[...] which the protected person assu[...]ed under any contract.

However, we won't apply this exclu[...] amounts that the protected person w[...] legally required to pay without t[...]

**Criminal, dishonest, fraudulent, or in[...] wrongful acts or omissions.** We won't loss that results from any criminal, dishonest, fraudulent, or intentionally wrongful act or omission committed:

- by the protected person; or
- with the consent or knowledge of protected person.

**Computer hardware and software develop[...]** We won't cover loss that results fro[...] developing any computer hardware, s[...] or related supplies.

**Injury or damage.** We won't cover:

- bodily injury; or
- property damage.

*Bodily injury* means any physical ha[...] including sickness or disease, to the physical health of other persons. It i[...] any of the following that results [...]a[...] from such physical harm, sickness or disease:

- Mental anguish, injury, or illness
- Emotional distress.
- Care, loss of services, or death.

*Property damage* means:

- physical damage to tangible property others, including all resulting los[...] of of that property; or
- loss of use of tangible property of [...] that isn't physically damaged.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

**Investment of funds.** We won't cover loss that results from the failure of any investment to perform as expected or as represented.

**Known wrongful acts.** We won't cover loss that results from any wrongful act any protected person:

- knew about before the beginning date of this agreement; and
- could reasonably foresee would result in a claim or suit being made or brought.

**Securities.** We won't cover loss that results from the sale of securities or any violation of:

- The Investment Company Act of 1940, as amended;
- The Securities Act of 1933, as amended;
- The Securities Exchange Act of 1934, as amended;
- any state Blue Sky or Securities law; or
- any similar state of federal statute or regulation.

**Series of related wrongful acts.** We won't cover loss that results from a series of related wrongful acts if the first wrongful act in that series of related wrongful acts was first committed before the retroactive date.

**Specified fiduciary activities.** We won't cover loss that results from any protected person's activities as:

- a fiduciary under the Federal Employee Retirement Income Security Act of 1974, or any changes or interpretations; or
- a fiduciary when any protected person is a beneficiary or distributee of any trust or estate serviced and any fee is charged by a protected person for such services.

**Specified services.** We won't cover loss that results from:

- the preparation, analysis, or verification of any audited financial statement; or
- services performed by or on behalf of any protected person in their capacity as an attorney.

**Other insurance**

This agreement is primary insurance. If there is any other valid and collectible insurance for loss covered by this agreement, the following applies in connection with that other insurance.

**Other primary insurance.** When there is other primary insurance, we'll share with that insurance the amount we're legally required to pay as damages for loss covered by this agreement. We'll do so with one of the following methods of sharing described in the Methods of sharing section.

However, if the extended reporting period applies, we'll apply this agreement as excess insurance over that part of any other insurance that:

- is in effect during the extended reporting period; and
- provides coverage for claims or suits for covered loss covered by this agreement that are first made or brought, or reported to us, during the extended reporting period.

We explain how we'll apply this agreement as excess insurance in the Excess insurance section.

**Excess insurance.** When this agreement is excess insurance, we won't have a duty to defend the protected person against the part or parts of any claim or suit for which any other insurer has the duty to defend the protected person.

However, we'll defend the protected person against a claim or suit for loss covered by this agreement if no other insurer will do so. In return, we'll require that we be given all of the protected person's rights against each such insurer.

Also, we'll pay only the amount of damages that are in excess of:

- the total amount that all such other insurance would pay if this agreement didn't exist; and
- the total of all deductible and self-insured amounts under all such other insurance.

However, we'll share such excess damages with any other insurance that:

The St.Paul

- isn't described in the Other primary insurance section; and
- wasn't bought specifically to apply in excess of the limits of coverage shown in the Coverage Summary.

But we won't pay more than the limits of coverage that apply under this agreement.

**Methods of sharing.** We'll use one of the following methods of sharing described below:

*Contribution by equal shares.* If all the other insurance permits contribution by equal shares, we'll share the damages equally. But we won't pay more than the limits of coverage that apply under this agreement. If any policy reaches its limits before the entire amount of damages is paid, the remaining policies will share the balance equally until their limits have been used up or the amount of the damages is paid in full. For example:

*You are required by a court to pay damages of $10,000,000. Besides this agreement, two other policies apply to the judgment. The limit of this agreement is $5,000,000. Policy B has a $1,000,000 limit and Policy C's limit is $3,000,000.*

*First, $1,000,000 is subtracted from each policy's limit because that is the lowest limit provided by any of the three policies. The result: Policy B's limit is used up; the balance due on the judgment is $7,000,000; $4,000,000 remains of this agreement's limit; and the unused portion of Policy C's limit equals $2,000,000.*

*Next, $2,000,000 is subtracted from the limit on this agreement and policy C*

*because that amount equals the smallest limit remaining on either policy after the initial $1,000,000 payment. The result: Policy C's limit is used up; the balance due on the judgment is now $3,000,000; and this agreement has $2,000,000 of its limit remaining.*

*Finally, the rest of the limit on this agreement is paid. The result: this agreement's limit is used up; the balance due on the judgment is now $1,000,000, that you must pay; and the total paid under each policy is: $5,000,000 this agreement, $1,000,000 Policy B and $3,000,000 Policy C.*

*Contribution by limits.* If any of the other insurance doesn't permit contribution by equal shares, we'll pay that portion of the damages that is equal to our percentage of the total of all limits that apply. But we won't pay more than the limits of coverage that apply under this agreement. For example:

*You are required by a court to pay damages of $6,000,000. Besides this agreement, another policy applies to the judgment. The limit of this agreement is $3,000,000 and Policy B has a $1,000,000 limit. The total limit of all insurance is $4,000,000.*

*Our limit is 75% (3,000,000/4,000,000) of the total limit. But we won't pay 75% of the judgment because that $4,500,000 share is more than our limit, which is $3,000,000.*

©St.Paul Fire and Marine Insurance Co 1999 All Rights Reserved

PLAINTIFF'S
EXHIBIT

B

## ACCOUNTANTS PROFESSIONAL LIABILITY PROTECTION – CLAIMS-MADE COVERAGE SUMMARY

The St.Paul

This Coverage Summary shows the limits of coverage, deductible, retroactive date, and extended reporting period options that apply to your Accountants Professional Liability Protection - Claims-Made.

**Limits Of Coverage:**

| | |
|---|---|
| Each wrongful act | $1,000,000 |
| Total limit | $2,000,000 |

**Deductible**

| | |
|---|---|
| Each wrongful act | $1,000 |
| Total deductible | N/A |

Retroactive date:  05-06-1999

**Extended Reporting Period Options:**

$1,033.00 for a 12 month period
$1,722.00 for a 24 month period
$2,066.00 for a 36 month period
$2,583.00 for an unlimited time period

---

**Name of Insured**
ELJAC CORPORATION

**Policy Number** GL00636530

**Effective Date** 05/06/01

**Processing Date** 05/14/01  07:41  001

P0303 Rev. 12-99 Printed in U.S.A.
®St.Paul Fire and Marine Insurance Co.1999

Liability Coverage
All Rights Reserved

Page 1 of 1

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS—44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eljac Corporation d/b/a Holden Associates

## DEFENDANTS

St. Paul Fire and Marine Insurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   State of Minnesota
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carolyn L. McCaffrey, 1391 Main Street,
Springfield, MA  01103
413-732-2825

ATTORNEYS (IF KNOWN)
John F. Burke, Jr., Morrison Mahoney LLP,
1500 Main Street, P.O. Box 15387, Springfield,
MA  01115-5387        413-737-4373

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Sections 1332 and 1441, removal on basis of diversity of citizenship. The action of the plaintiff is for payment of damages for alleged breach of an insurance contract, and for damages under Mass. Gen. L. ch. 93A and 176D.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 423,238.14

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE   3/30/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** Eljac Corporation d/b/a Holden Associates v. St. Paul Fire and Marine Insurance Company

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   —    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   —    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   X    III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

   —    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

   —    V.      150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).**

   None

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**
              YES ☐    NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)**
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
              YES ☐    NO ☒

              YES ☐    NO ☐

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?**
              YES ☐    NO ☒

7. **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).**
              YES ☐    NO ☒
   **OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -**
   **(SEE LOCAL RULE 40.1(D)).**
              YES ☐    NO ☒

8. **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?**
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? Western
              YES ☒    NO ☐

9. **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?** Western

10. **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE**
    CENTRAL SECTION;   YES ☐ NO ☐      OR WESTERN SECTION;   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME John F. Burke, Jr.
ADDRESS 1500 Main Street, P.O. Box 15387, Springfield, MA 01115-5387
TELEPHONE NO. 413-737-4373