MAS-20041213
holubeck

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

04/05/2005
03:03 PM

# HDCV2005-00230
# ELJAC Corporation d/b/a v St Paul Fire and Marine Insurance Company

| | | | |
|---|---|---|---|
| **File Date** | 03/04/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/04/2005 | **Session** | A - Civil A - CtRm 6 |
| **Origin** | 1 | **Case Type** | A99 - Misc contract |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/02/2005 | **Answer** | 08/01/2005 | **Rule12/19/20** | 08/01/2005 |
| **Rule 15** | 08/01/2005 | **Discovery** | 12/29/2005 | **Rule 56** | 01/28/2006 |
| **Final PTC** | 02/27/2006 | **Disposition** | 04/28/2006 | **Jury Trial** | Yes |

## PARTIES

**Plaintiff**
ELJAC Corporation d/b/a
Active 03/04/2005

**Private Counsel 646810**
Carolyn L McCaffrey
Fitzgerald Law Offices (Frank P)
1391 Main Street
Suite 600
Springfield, MA 01103
Phone: 413-732-2825
Fax: 413-732-3346
Active 03/04/2005 Notify

**Doing busnss as (alias)**
Holden Associates
Active 03/04/2005

FILED
IN CLERK'S OFFICE
2005 APR -5 P 2: 59
U.S. DISTRICT COURT
DISTRICT OF MASS

**Defendant**
St Paul Fire and Marine Insurance Company
Served: 03/15/2005
Served (answr pending) 03/22/2005

**Private Counsel 065140**
John F Burke Jr
Morrison Mahoney LLP
1500 Main Street, Suite 2400
PO Box 15387
Springfield, MA 01115-5387
Phone: 413-737-4373
Fax: 413-739-3125
Active 04/04/2005 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/04/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/04/2005 | | Origin 1, Type A99, Track F. |
| 03/22/2005 | 2.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant St Paul Fire and Marine Insurance Company |
| 04/04/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. |

## EVENTS

A TRUE COPY OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto set my hand and caused the seal of the Superior Court for the County of Hampden to be affixed on this 5th day of April, 2005
Barbara Holubecki
Deputy Assistant Clerk

case01 227640 y y y y y y

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO.05- 239

ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES,
Plaintiff,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
Defendant.

**COMPLAINT**

HAMPDEN COUNTY SUPERIOR COURT FILED MAR - 4 2005 CLERK-MAGISTRATE

PARTIES

1. Plaintiff, ELJAC Corporation d/b/a Holden Associates (hereinafter "ELJAC"), is a Massachusetts corporation with a principal place of business located at 65 Maple Street, East Longmeadow, Hampden County, Massachusetts.

2. Defendant, St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul"), is now and at all times herein mentioned is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business located at 385 Washington Street, St. Paul, Minnesota.

3. Jurisdiction over the Defendant, St. Paul, is conveyed upon this court under G.L. c. 223A, §3.

FACTS COMMON TO ALL COUNTS

4. The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 3 of this Complaint.

5. During the period of 1996 through October 1, 2001, Plaintiff operated a payroll service under the trade name "Professional Payroll Services," which included accepting and escrowing funds on behalf of its customers for the payment of wages and taxes.

6. On or about May 6, 2001 Plaintiff, purchased and obtained a Professional Liability Policy through the Defendant, St. Paul, Policy No. GL00636530 (hereinafter "the Policy."

No. of Pills 1
Fee Paid - $ 240.00 Cash - Check
Surcharge Paid - $ 15.00 Cash - Check
Security Fee - Paid - $20.00 Cash - Check
Received by JC

7.    The Policy provides that, Defendant St. Paul, will "pay amounts any protected person is legally required to pay as damages for covered loss that:

        (a)    results from the performance of professional services; and

        (b)    is caused by a wrongful act committed on or after the retroactive date and before this agreement ends." *Insuring Agreement pg. 1-2 attached here as Exhibit A.*

8.    Pursuant to its terms, the Policy was effective retroactively to May 6, 1999. *Liability Coverage Summary attached here as Exhibit B.*

9.    "Professional services" is defined as those professional services performed by or on behalf of a protected person in the capacity of an accountant, bookkeeper, enrolled agent or tax preparer. *Exhibit A.*

10.    "Wrongful act" is defined to include an error, omission, or negligent act. *Exhibit A.*

11.    Pursuant to the terms of the Policy, Plaintiff, its officers, directors and employees are "protected persons" under the Policy. *Exhibit A.*

12.    During the period of November 19, 2001 through November 22, 2002, Plaintiff and its customers made claims to Defendant St. Paul for coverage of covered losses sustained as a result of inadvertently, not collecting sufficient funds to cover the payment of payroll for Professional Payroll Service customers.

13.    On or about November 22, 2002 Defendant, St. Paul, notified Plaintiff of its decision to decline coverage for losses claimed by the Plaintiff and its customers.

14.    Pursuant to the terms of the Policy, Defendant had a duty to provide coverage for loss, defend and indemnify suits.

15.    On October 1, 2001 the Plaintiff entered into an Asset Purchase Agreement with a third party for the Sale of its payroll service. As a result of the Defendant's failure to provide coverage, the sale was delayed and the Plaintiff's payroll business lost value and returned a reduced sale price.

<u>COUNT I</u>
*(Breach of Contract)*

16.    The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17.    In accordance with the terms of the Policy, St. Paul had a duty to provide coverage for loss, defend and indemnify suits on Plaintiff's behalf.

18. Defendant has failed and refused to comply with its contractual duties and has therefore breached the contract.

19. Due to Defendant's breach the Plaintiff made payments to settle claims, incurred attorney's fees and costs in defending law suits by customers and was caused to suffer the diminution of the sale value of the payroll service.

COUNT II
*(Violation of G.L. c.176D §3 and G.L.c. 93A §§ 2 and 11)*

20. The Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21. The Defendant's acts, as set forth above, constitute a willful and knowing unfair claim settlement practice by "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" in violation of G.L.c. 176D.

22. The Defendant's acts, as set forth above, constitute a willful and knowing unfair settlement claim practice by "failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under," the Policy, in violation of G.L.c. 176D.

23. Such unfair claim settlement practices by St. Paul constitute violations of G.L. c. 93A §2 and §11.

24. As a result of the Defendant's conduct, the Plaintiff has suffered damages, including without limitation, payments made to settle claims, incurred attorney's fees and costs in defending law suits by customers and the diminution of the sale value of the payroll service.

WHEREFORE, Plaintiff, ELJAC Corporation d/b/a Holden Associates demands the following:

1. That judgment enter in favor of the Plaintiff, ELJAC Corporation d/b/a Holden Associates, against Defendant, St. Paul Fire and Marine Insurance Company, on all counts of the Plaintiff's Complaint;

2. That Plaintiff be awarded treble damages, costs and attorney's fees as provided by G.L.c. 93A §11; and

3. For such other and further relief that this court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

THE PLAINTIFF,
ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES
By its Attorney,

Dated: March 4, 2005

Carolyn L. McCaffrey, Esq.
BBO #646810
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103
(413) 732-2825
Fax (413) 732-3346

A true copy.

Attest:

Barbara Holubecki
Deputy Assistant Clerk

A

# ACCOUNTANTS PROFESSION LIABILITY PROTECTION – CLAIMS-MADE

The St Paul

This insuring agreement provides professional liability protection for professional services performed by or for you. There are, of course, limitations and exclusions that apply to that protection. As a result, all protected persons should read this agreement carefully to determine the extent of coverage.

**Important note.** This is a claims-made insuring agreement. To be covered, a claim or suit must be first made or brought, and reported to us, while this agreement is in effect, or during a reporting period if one applies. This agreement should be read carefully, especially the What This Agreement Covers, When This Agreement Covers, and Limits Of Coverage sections.

**Table of Contents** — **Page**

**What This Agreement Covers** 1
- Accountants liability. 1
- Disciplinary proceeding expenses. 3
- Right and duty to defend a protected person. 3
- Right to appeal a judgment against a protected person. 3
- Additional payments. 4

**When This Agreement Covers** 4
- During this agreement or the limited reporting period. 4
- When we consider a claim or suit to be first made or brought. 4
- When we consider a claim or suit to be first reported to us. 5
- When we consider a wrongful act to be first reported to us. 5
- When the limited reporting period will apply. 5
- How the limited reporting period applies. 5
- When and how an extended reporting period can be added. 5
- How the extended reporting period applies. 5
- What we'll charge for the extended reporting period. 6

**Where This Agreement Covers** 6

**Who Is Protected Under This Agreement** 6
- Individual. 6
- Partnership or joint venture. 6
- Limited liability company. 6
- Corporation or other organization. 6
- Employees. 6
- Independent contractors. 6
- Partners, directors, executive officers, or employees who have left your firm. 7
- Legal representatives of certain protected persons. 7
- Predecessor in business. 7
- Successor in business. 7
- Separation of protected persons. 7

**Limits Of Coverage** 7
- Each wrongful act limit. 7
- Total limit. 7
- How the limits of coverage apply to an extension of the policy period. 7
- How the limits of coverage apply to the limited and extended reporting periods. 8

**Deductibles** 8
- Each wrongful act deductible. 8
- Total deductible. 8

**Exclusions – What This Agreement Won't Cover** 8
- Check signing. 8
- Contract liability. 8
- Criminal, dishonest, fraudulent, or intentionally wrongful acts or omissions. 8
- Computer hardware and software development. 8
- Injury or damage. 8
- Investment of funds. 9
- Known wrongful acts. 9
- Securities. 9
- Series of related wrongful acts. 9
- Specified fiduciary activities. 9
- Specified services. 9

**Other Insurance** 9
- Other primary insurance. 9
- Excess insurance. 9
- Methods of sharing. 10

## What This Agreement Covers

**Accountants liability.** We'll pay amounts any protected person is legally required to pay as damages for covered loss that:

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

- results from the performance of professional services; and
- is caused by a wrongful act committed on or after the retroactive date and before this agreement ends.

*Protected person* means any person or organization who qualifies as a protected person under the Who Is Protected Under This Agreement section.

*Damages* means judgments, awards, and settlements. It does not include civil or criminal fines, sanctions, penalties, or forfeitures.

However, we will pay punitive or exemplary damages where insurable by law.

*Professional services* means those professional services performed by or on behalf of a protected person in any of the following capacities:

- Accountant, bookkeeper, enrolled agent, or tax preparer.
- Notary public.

*Accountant, bookkeeper, enrolled agent, or tax preparer* means a protected person who:

- provides tax advice;
- prepares tax returns;
- files tax returns;
- provides tax proceeding representation;
- compiles, prepares, or assembles financial data statements in accordance with:
  - Generally Accepted Accounting Principles;
  - Generally Accepted Tax Accounting Principles;
  - Internal Revenue Service Tax Code Guidelines; or
  - Other Comprehensive Basis of Accounting;
- assists in the maintenance and preparation of financial records, including the posting of receipts, disbursements, and adjustments in the accounting records;
- reconciles accounting activity to subsidiary records;
- reviews documents for accuracy and coding;
- maintains fixed asset records;
- maintains payroll registers recorc employees earnings, and prepares checks for your clients;
- reviews invoices or staterr ents o: on behalf of your clients and pre| the payment of such items with c funds, but not including the signir checks;
- services, consults, orders, delivers installs, and trains in the use of c hardware, software, and related su for your clients;
- serves as a fiduciary; or
- prepares financial review statemen provided that the protected person Certified Public Accountant or Pub Accountant (licensed by a state bc accountancy), Enrolled Agent, Accr Business Accountant, Accredited T: Adviser, or an Accredited Tax Prep

*Notary public* means attesting to the authenticity of signatures by a notary

*Fiduciary* means serving as a trustee conservator, executor, guardian, or re provided that such services are guara under a bond.

*Wrongful act* means an error, omissi negligent act, advertising injury, or pe injury.

*Advertising injury* means injury that's caused by the unauthorized use of an advertising idea, material, slogan, styl title of others in your advertising.

*Personal injury* means injury that's ca by any of the following offenses:

- False arrest, detention or imprisonm
- Malicious prosecution.
- Wrongful entry into, or wrongful evi from a room, dwelling, or premises person occupies.
- Invasion of the right of private occu of a room, dwelling, or premises tha person occupies.
- Libel or slander.
- Making known to any person or organization written or spoken mater that disparages the products, work o completed work of others.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

- Making known to any person or organization written or spoken material that violates a person's right of privacy.

*Retroactive date* means the retroactive date shown in the Coverage Summary. It is the earliest date that a wrongful act may be committed and cause loss covered by this agreement.

If the Coverage Summary indicates that no retroactive date applies, any reference to a retroactive date in this agreement is deleted and does not apply.

**Disciplinary proceeding expenses.** We'll pay disciplinary proceeding expenses that:

- result from the performance of professional services by or for you;
- are caused by any wrongful act that occurs on or after the retroactive date and before the ending date of this agreement; and
- are reported to us during the policy year.

However, we won't pay more than $2,500 for the combined total of all such expenses that result from all disciplinary proceedings in a policy year.

No deductible applies to disciplinary proceeding expense payments.

*Disciplinary proceeding expenses* means fees and expenses that result from the investigation, settlement, defense, or appeal of any disciplinary proceeding:

- charged by any attorney that we designate and appoint; and
- our expenses, other than the expenses of our employees.

However, disciplinary proceeding expenses do not include:

- any fines, penalties, or sanctions assessed against any protected person as a result of any disciplinary proceeding; or
- the return of client fees.

*Disciplinary proceeding* includes any formal scheduled hearing by any state regulatory or disciplinary official or agency to investigate any charges alleging professional misconduct in performing professional services.

*Policy year* means the policy period shown in the Introduction, or the period of time this agreement is in effect, whichever is less. But when that period is longer than one year, each annual period will be a separate policy year and a separate agreement.

*Agreement* means this insuring agreement which is in effect for the policy period shown in the Introduction.

**Right and duty to defend a protected person.** We'll have the right and duty to defend any protected person against a claim or suit for loss covered by this agreement. We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform other acts or services.

We'll have the right to investigate any claim or suit to the extent that we believe is proper. We'll also have the right to settle any claim or suit within:

- any applicable deductible; or
- the available limits of coverage.

Our duty to defend protected persons ends when we have used up the limits of coverage that apply with the payment of judgments or settlements.

However, we won't agree to the final settlement of any claim or suit without your written consent. But if you refuse to give us your consent, we won't pay more than we would have paid had you consented to the proposed settlement

*Claim* means a demand that seeks monetary damages.

*Suit* means a civil proceeding that seeks monetary damages. It includes:

- an arbitration proceeding for such monetary damages to which the protected person must submit, or submits with our consent; and
- any other alternative dispute resolution proceeding for such monetary damages to which the protected person submits with our consent.

**Right to appeal a judgment against a protected person.** We'll have the right to appeal a

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

judgment awarded in a suit for any wrongful act covered by this agreement if:

- we defend a protected person against the suit; and
- the judgment is awarded against that protected person.

If we appeal such a judgment, we'll pay all expenses which result directly from that appeal, including postjudgment interest and cost of appeal bonds. Such appeal expenses are in addition to the limits of coverage. However, the results of an appeal won't change the limits of coverage that apply under this agreement.

**Additional payments.** We'll have the duty to make only the additional payments shown below in connection with any claim or suit under this agreement against a protected person when we:

- investigate or settle the claim or suit; or
- defend the protected person against the claim or suit.

These payments are in addition to the limits of coverage. Also, no deductible applies to these additional payments.

Our duty to make additional payments ends when we have used up the limits of coverage that apply with the payment of judgments or settlements.

1. *Bonds to release property.* We'll pay the cost of bonds to release property that's being used to secure a legal obligation. However, we don't have to furnish such bonds.

2. *Defense expenses.* We'll pay all defense expenses.

   *Defense expenses* means all fees, costs and expenses that result directly from the investigation, adjustment, settlement, defense or appeal of a specific claim or suit. However, defense expenses do not include legal fees charged or incurred by the protected person without our consent.

3. *Expenses incurred by protected persons.* We'll pay all reasonable expenses that any protected person incurs at our request while helping us investigate or settle or defend a protected person against a claim or suit. However, we won't pay more than $500 per day for earnings actually lost by a pro[tected] person because of time taken and we won't pay more than a[...] $10,000 for all such expenses all protected persons in a poli[cy...] We have no duty to pay any o[...] expenses incurred by any prote[cted] person.

4. *Our expenses.* We'll pay all e[...] we incur.

5. *Post-judgment interest.* We'll [...] interest that accumulates on th[...] a judgment for which we make payment from the date of the [...] to the date we pay, or deposit the amount of coverage that ap[...] the judgment.

6. *Prejudgment interest.* We'll pa[y] prejudgment interest awarded a[...] protected person on that part o[f] judgment we pay. We will not [...] prejudgment interest that accum[...] after the date we make a settle[ment] offer to pay the available limit [...] coverage.

7. *Taxed costs.* We'll pay all cost[...] against any protected person in [...]

## When This Agreement Covers

**During this agreement or the limited re[porting] period.** We'll apply this agreement [...] or suits for covered loss only whe[n...]

- first made or brought against a p[...] person while this agreement is in [...] and
- first reported to us while this agr[...] is in effect, or during the limited [...] period, if it applies.

We'll also apply this agreement to [...] acts first reported to us while this agreement is in effect, or during th[e] reporting period if it applies.

*Limited reporting period* means the [...] starting with the ending date of the [...] year, during which claims or suits f[...] covered loss, or wrongful acts, may [...] reported to us.

**When we consider a claim or suit to b[e] made or brought.** We'll consider a cl[...]

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

suit for covered loss to be first made or brought against a protected person on the date that any protected person first receives written notice of that claim or suit.

We'll also consider all claims or suits for covered loss caused by a wrongful act, or a series of related wrongful acts, to have been made or brought on the date that the first of those claims or suits is first made or brought.

*Series of related wrongful acts* means two or more wrongful acts, including repeated or continuous wrongful acts, that are directly or indirectly related to the same loss.

**When we consider a claim or suit to be first reported to us.** We'll consider a claim or suit for covered loss to be first reported to us on the date that we first receive written notice from any protected person of a claim or suit made or brought against a protected person.

**When we consider a wrongful act to be first reported to us.** We'll consider a covered wrongful act to be first reported to us on the date that we first receive written notice of a wrongful act from any protected person. However, we won't accept such notice unless it also describes what loss may result from the wrongful act.

**When the limited reporting period will apply.** The limited reporting period will automatically apply at the end of the policy year, without an additional premium.

However, the limited reporting period won't apply to claims or suits or wrongful acts if other insurance you buy:

- applies to them; or
- would have applied to them but won't because its limits of coverage have been used up.

**How the limited reporting period applies.** The limited reporting period doesn't extend the time this agreement is in effect. As a result, we'll consider any claim or suit, or wrongful act, first reported to us during the limited reporting period to have been reported to us on the ending date of the policy year to which the limited reporting period applies.

**When and how an extended reporting period can be added.** If this agreement is terminated or changed, an extended reporting period can be added with an extended reporting period endorsement.

However, we won't issue an extended reporting period endorsement unless we receive a written request for it within 60 days after this agreement is terminated or changed.

In addition, the endorsement won't take effect unless:

- your earned premium for this agreement is paid in full; and
- the additional premium, if any, for the extended reporting period is paid when due.

Once the endorsement takes effect, it can't be canceled by you or by us.

*Terminated or changed* means:

- any cancellation or nonrenewal of this agreement by you or by us;
- any decrease in the limit of coverage;
- any increase in the deductible or self-insured retention;
- any addition of a new limitation or exclusion; or
- any other change that reduces coverage.

*Extended reporting period* means the 12 month, 24 month, 36 month, or unlimited time selected by you, starting with the ending date of this agreement during which claims or suits for covered loss, or wrongful acts, may be reported to us.

**How the extended reporting period applies.** The extended reporting period replaces the limited reporting period. Also, the extended reporting period doesn't extend the time that this agreement is in effect. As a result, we'll consider any claim or suit, or wrongful act, reported to us during the extended reporting period to have been first reported to us on the ending date of this agreement.

In addition, the extended reporting period will cause us to apply this agreement as excess insurance over certain other insurance. We explain when and how we'll do so in the Other primary insurance section and Excess insurance section.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

**What we'll charge for the extended reporting period.** The premium charge for the extended reporting period options are shown in the Coverage Summary.

However, we agree to add an extended reporting period for an unlimited time at no cost if:

1. you are shown in the Introduction as an individual only;
2. you have been continuously insured by us for at least three consecutive years;
3. this agreement is canceled or not renewed as a result of your death, your total disability, or your retirement from business operations; and
4. included with the request for the extended reporting period endorsement we are provided with:
   - a written statement attesting to your date of birth and the date of your retirement from business operations;
   - proof of your total disability; or
   - proof of your death.

*Retirement from business operations* means your withdrawal from all business operations covered under this agreement on or after you reach age 55.

*Proof of your total disability* means certification from a medical doctor that as a result of sickness or disease you are no longer able to perform any substantial and material duties of your business operations covered under this agreement.

*Proof of your death* means a certified copy of a death certificate.

## Where This Agreement Covers

We'll defend claims and suits, and pay judgments and settlements, for covered loss that's caused by a wrongful act committed anywhere in the world. But only if the claim or suit is brought in the United States of America, its territories or possessions, Puerto Rico, or Canada.

## Who Is Protected Under This Agreemen[t]

**Individual.** If you are shown n the Introduction as the named insured a[nd an] individual, you and your spouse are protected persons only for professio[nal] services performed for a business o[f which] you are the sole owner.

**Partnership or joint venture.** If you ar[e shown] in the Introduction as a named insur[ed] partnership or joint venture, you are [a] protected person. Your partners or [co-]venturers, and their spouses, are pro[tected] persons only for professional service[s] performed by or for you.

**Limited liability company.** If you are s[hown in] the Introduction as a named insured [a] limited liability company, you are a protected person. Your members are protected persons only for performe[d] professional services. And your man[agers] are protected persons only for their [duties] as your managers.

**Corporation or other organization.** If you [are] shown in the Introduction as a named insured and a corporation or an other organization, you are a protected pers[on]. Your directors and executive officers [are] protected persons only for the conduc[t of] their duties as your directors or execu[tive] officers. And your stockholders and [...] stockholders are protected persons on[ly for] their liability as your stockholders.

*Other organization* means an organizat[ion] other than a corporation, partnership, j[oint] venture, or a limited liability company.

*Executive officer* means any person h[olding] an officer position created by the char[ter,] constitution, by-laws, or other similar governing document of a corporation o[r] other organization.

**Employees.** Your employees, including temporary employees, are protected pe[rsons] only for work performed within the sc[ope] of their employment by you.

**Independent contractors.** Independent contractors you hire are protected pers[ons] only for work performed within the sc[ope] of their duties for you.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

**Partners, directors, executive officers, or employees who have left your firm.** Any partner, director, or executive officer who has left your firm is a protected person, but only for professional services that were performed for you.

Any employee who has left your firm is a protected person, but only for work performed within the scope of their employment by you.

**Legal representatives of certain protected persons.** Any legal representative of a protected person who has died or become mentally incompetent is a protected person only for the rights and duties of that deceased or mentally incompetent protected person under this agreement.

**Predecessor in business.** Any predecessor in business is a protected person.

*Predecessor in business* means any accounting firm that has been dissolved and:

- some or all of such firm's principals, owners, officer, or partners have joined you and such persons were responsible for producing more than 50% of the prior firm's gross billings and such billings have been assigned or transferred to you; or
- at least 50% of the principals, owners, partners, or officers of the prior firm have joined you.

**Successor in business.** Your successor in business is a protected person.

However, any successor in business who is an insured under any similar liability policy or agreement, even if the limits of liability under such policy or agreement have been exhausted or used up, is not a protected person.

All coverage under this agreement for any successor in business will end at the earliest of the following dates:

- on the ending date of this agreement; or
- 90 days from the date of your dissolution unless we are provided with:
  - written notice together with all information we request;
  - we agree to continue coverage for the successor in business; and
  - any additional premium is paid when due.

*Successor in business* means, after your dissolution, any accounting firm that:

- some or all of your principals, owners, officers, or partners have joined an existing, or formed a new, accounting firm and such persons were responsible for producing more than 50% of your annual gross billings at the time of dissolution and such billings have been assigned or transferred to the successor accounting firm; or
- at least 50 % of your principals, owners, partners, or officers have joined an existing, or formed a new, accounting firm.

**Separation of protected persons.** We'll apply this agreement separately to each protected person.

However, the limits of coverage shown in the Coverage Summary are shared by all protected persons. We explain how in the Limits Of Coverage section.

Also, any right or duty specifically assigned to the first named insured remain unchanged. We explain those rights and duties in the General Rules, which is a part of your policy.

## Limits Of Coverage

The limits shown in the Coverage Summary and the information contained in this section fix the most we'll pay as damages, regardless of the number of:

- protected persons;
- claims made or suits brought; or
- persons or organizations making claims or bringing suits.

**Each wrongful act limit.** This is the most we'll pay for all covered loss that is caused by any one wrongful act or series of related wrongful acts.

**Total limit.** This is the most we'll pay for the combined total of all claims and suits for covered loss that are first made or brought, and reported to us, in a policy year.

**How the limits of coverage apply to an extension of the policy period.** If the policy period shown in the Introduction is extended

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

for less than 12 months, we'll consider each extended period to be a part of the last policy year. For example:

*Your policy period is for one year. During the policy year you request a three month extension. We agree. As a result, your policy year becomes 15 months. It will be subject to the same limits of coverage that applied when the policy year was 12 months.*

**How the limits of coverage apply to the limited and extended reporting periods.** The limits of coverage that apply on the ending date of the policy year aren't renewed or increased for claims or suits for covered loss first reported to us during the limited reporting period.

However, if the extended reporting period is added, the Total limit that applies on the ending date of this agreement is renewed in full. But it will apply only to those claims and suits for covered loss that are first reported to us during the extended reporting period.

## Deductibles

The deductibles shown in the Coverage Summary and the information contained in this section fix the amount of damages that you'll be responsible for paying. Only those deductibles for which amounts are shown in the Coverage Summary apply.

The deductible won't apply to coverage provided in the Additional Payments section of this agreement.

We will pay all or part of the deductible for you, unless we agree to do otherwise. When we do make payment, you agree to repay us promptly after we notify you of the payment.

**Each wrongful act deductible.** You'll be responsible for the amount of damages within this deductible for all covered loss caused by any one wrongful act or series of related wrongful acts.

**Total deductible.** This is the most you and other protected persons will pay for the combined total of all deductibles in a policy year.

If this deductible does not apply, y responsible for the Each wrongful a deductible without further limitatior regardless of how often it applies.

## Exclusions – What This Agreement Wo

**Check signing.** We won't cover loss results from your signature on any draft, or similar negotiable instrume

**Contract liability.** We won't cover los which the protected person assumec under any contract.

However, we won't apply this exclus amounts that the protected person w legally required to pay without the c

**Criminal, dishonest, fraudulent, or intenti wrongful acts or omissions.** We won't loss that results from any criminal, dishonest, fraudulent, or intentionally wrongful act or omission committed:

- by the protected person; or
- with the consent or knowledge of protected person.

**Computer hardware and software develo** We won't cover loss that results fro developing any computer hardware, s or related supplies.

**Injury or damage.** We won't cover:

- bodily injury; or
- property damage.

*Bodily injury* means any physical har including sickness or disease, to the physical health of other persons. It i any of the following that results at a from such physical harm, sickness, or disease:

- Mental anguish, injury, or illness.
- Emotional distress.
- Care, loss of services, or death.

*Property damage* means:

- physical damage to tangible property others, including all resulting loss o of that property; or
- loss of use of tangible property of that isn't physically damaged.

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

**Investment of funds.** We won't cover loss that results from the failure of any investment to perform as expected or as represented.

**Known wrongful acts.** We won't cover loss that results from any wrongful act any protected person:

- knew about before the beginning date of this agreement; and
- could reasonably foresee would result in a claim or suit being made or brought.

**Securities.** We won't cover loss that results from the sale of securities or any violation of:

- The Investment Company Act of 1940, as amended;
- The Securities Act of 1933, as amended;
- The Securities Exchange Act of 1934, as amended;
- any state Blue Sky or Securities law; or
- any similar state of federal statute or regulation.

**Series of related wrongful acts.** We won't cover loss that results from a series of related wrongful acts if the first wrongful act in that series of related wrongful acts was first committed before the retroactive date.

**Specified fiduciary activities.** We won't cover loss that results from any protected person's activities as:

- a fiduciary under the Federal Employee Retirement Income Security Act of 1974, or any changes or interpretations; or
- a fiduciary when any protected person is a beneficiary or distributee of any trust or estate serviced and any fee is charged by a protected person for such services.

**Specified services.** We won't cover loss that results from:

- the preparation, analysis, or verification of any audited financial statement; or
- services performed by or on behalf of any protected person in their capacity as an attorney.

## Other Insurance

This agreement is primary insurance. If there is any other valid and collectable insurance for loss covered by this agreement, the following applies in connection with that other insurance.

**Other primary insurance.** When there is other primary insurance, we'll share with that insurance the amounts you're legally required to pay as damages for loss covered by this agreement. We'll do so with one of the following methods of sharing described in the Methods of sharing section.

However, if the extended reporting period applies, we'll apply this agreement as excess insurance over that part of any other insurance that:

- is in effect during the extended reporting period; and
- provides coverage for claims or suits for covered loss covered by this agreement that are first made or brought, and reported to us, during the extended reporting period.

We explain how we'll apply this agreement as excess insurance in the Excess Insurance section.

**Excess insurance.** When this agreement is excess insurance, we won't have a duty to defend the protected person against the part or parts of any claim or suit for which any other insurer has the duty to defend the protected person.

However, we'll defend the protected person against a claim or suit for loss covered by this agreement if no other insurer will do so. In return, we'll require that we be given all of the protected person's rights against each such insurer.

Also, we'll pay only the amount of damages that are in excess of:

- the total amount that all such other insurance would pay if this agreement didn't exist; and
- the total of all deductible and self-insured amounts under all such other insurance.

However, we'll share such excess damages with any other insurance that:

©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

- isn't described in the Other primary insurance section; and
- wasn't bought specifically to apply in excess of the limits of coverage shown in the Coverage Summary.

But we won't pay more than the limits of coverage that apply under this agreement.

**Methods of sharing.** We'll use one of the following methods of sharing described below:

*Contribution by equal shares.* If all the other insurance permits contribution by equal shares, we'll share the damages equally. But we won't pay more than the limits of coverage that apply under this agreement. If any policy reaches its limits before the entire amount of damages is paid, the remaining policies will share the balance equally until their limits have been used up or the amount of the damages is paid in full. For example:

*You are required by a court to pay damages of $10,000,000. Besides this agreement, two other policies apply to the judgment. The limit of this agreement is $5,000,000. Policy B has a $1,000,000 limit and Policy C's limit is $3,000,000.*

*First, $1,000,000 is subtracted from each policy's limit because that is the lowest limit provided by any of the three policies. The result: Policy B's limit is used up; the balance due on the judgment is $7,000,000; $4,000,000 remains of this agreement's limit; and the unused portion of Policy C's limit equals $2,000,000.*

*Next, $2,000,000 is subtracted from the limit on this agreement and policy C because that amount equals the smallest limit remaining on either policy after the initial $1,000,000 payment. The result: Policy C's limit is used up; the balance due on the judgment is now $3,000,000; and this agreement has $2,000,000 of its limit remaining.*

*Finally, the rest of the limit on this agreement is paid. The result: this agreement's limit is used up; the balance due on the judgment is now $1,000,000, that you must pay; and the total paid under each policy is: $5,000,000 this agreement, $1,000,000 Policy B and $3,000,000 Policy C.*

*Contribution by limits.* If any of the other insurance doesn't permit contribution by equal shares, we'll pay that portion of the damages that is equal to our percentage of the total of all limits that apply. But we won't pay more than the limits of coverage that apply under this agreement. For example:

*You are required by a court to pay damages of $6,000,000. Besides this agreement, another policy applies to the judgment. The limit of this agreement is $3,000,000 and Policy B has a $1,000,000 limit. The total limit of all insurance is $4,000,000.*

*Our limit is 75% (3,000,000/4,000,000) of the total limit. But we won't pay 75% of the judgment because that $4,500,000 share is more than our limit, which is $3,000,000.*

©St.Paul Fire and Marine Insurance Co 1999 All Rights Reserved

B

**ACCOUNTANTS PROFESSIONAL LIABILITY PROTECTION - CLAIMS-MADE COVERAGE SUMMARY**

The St Paul

This Coverage Summary shows the limits of coverage, deductible, retroactive date, and extended reporting period options that apply to your Accountants Professional Liability Protection - Claims-Made.

**Limits Of Coverage:**

| | |
|---|---|
| Each wrongful act | $1,000,000 |
| Total limit | $2,000,000 |

Retroactive date: 05-06-1999

**Deductible**

| | |
|---|---|
| Each wrongful act | $1,000 |
| Total deductible | N/A |

**Extended Reporting Period Options:**

$1,033.00for a 12 month period
$1,722.00for a 24 month period
$2,066.00for a 36 month period
$2,583.00for an unlimited time period

**Name of Insured** ELJAC CORPORATION **Policy Number** GL00636530 **Effective Date** 05/06/01
**Processing Date** 05/14/01 07:41 001

P0303 Rev. 12-99 Printed in U.S.A. Liability Coverage
©St.Paul Fire and Marine Insurance Co.1999 All Rights Reserved

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED-
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAR 2 2 2005
Marie G. Mazza
CLERK-MAGISTRATE

**HAMPDEN, ss.**

**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**CIVIL ACTION**
**NO.** 05- 230

ELJAC CORP. DBA HOLDEN ASSOCIATES, **PLAINTIFF(S)**

V.

**SUMMONS**

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, **DEFENDANT(S)**

To the above named defendant:

You are hereby summoned and required to serve upon CAROLYN L. MCCAFFREY, ESQ., plaintiff's attorney, whose address is 1391 Main St., Ste. 600, Spfld., MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire at Springfield the ______________ day of ______________ in the year of our Lord two thousand five.

A true copy.

Attest: Barbara Holubeck
Deputy Assistant Clerk

Marie G. Mazza
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

FORM No.1

7

**STATE OF MINNESOTA** **AFFIDAVIT OF SERVICE**

**COUNTY OF RAMSEY**

I, Greg Thordson duly sworn, deposes and says: I am duly appointed, qualified

and acting Deputy Sheriff of said County of Ramsey, State of Minnesota, that the hereto

attached: Summons & complaint, plaintiff's exhibit A

came into my hands for service on the 14th day of March, 2005 and at the City of St. Paul, County and State aforesaid, on the 15th day of March, 2005, I duly served the Summons & complaint, plaintiff's exhibit A

here to attached upon the within St. Paul Fire and Marine Insurance Company, 385 Washington Street, St. Paul, MN 55102 @ 1102

personally by then and there handing to and leaving with Pam Hoff, Service of Process a true and correct copy thereof.

________________________________

Subscribed and sworn to before me, this 15th day of March, 2005

________________________________

Notary Public, Ramsey County, Minnesota

KA VANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2007

Service Fees $
Travel $

Total $

A true copy.

Attest:

Deputy Assistant Clerk

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S) 05-236

Trial Court of Massachusetts
Superior Court Department
County: HAMPDEN

PLAINTIFF(S) ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES

DEFENDANT(S) ST. PAUL FIRE AND MARINE INSURANCE COMPANY

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413)732-2825
Carolyn L. McCaffrey, Esq., Frank P. Fitzgerald, P.C.
1391 Main Street, Ste.600, Springfield, MA 01103
Board of Bar Overseers number: 646810

ATTORNEY (if known)

HAMPDEN COUNTY SUPERIOR COURT FILED MAR - 4 2005 CLERK-MAGISTRATE

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Ins. Contract | ( F ) | (X ) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . $. . . . . . . . . . . .

**Subtotal** $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)
$. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A true copy.

Attest: Barbara Holubecki
Deputy Assistant Clerk

$. . . . . . . . . . . .
**TOTAL** $. . . . . . . . . . . .

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): Defendant's failure and refusal to provide coverage for loss, defend and indemnify Plaintiff, as required pursuant to the insurance contract between the parties has caused the Plaintiff to suffer damages.

**TOTAL** $.423,233.14. .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record Carolyn L. McCaffrey, Esq. DATE: 3-4-05

**C nmonwealth of Massachus s**
**County of Hampden**
**The Superior Court**

CIVIL DOCKET# **HDCV2005-00230**

RE: **ELJAC Corporation d/b/a v St Paul Fire and Marine Insurance Company**

TO: Thomas F. Reilly, Attorney General
Consumer Protection Division
One Ashburton Place
Boston, MA 02108-1698

**NOTICE OF COMPLAINT/JUDGMENT FILED UNDER CHAP. 93A**

Enclosed is a copy of the Complaint/*Judgment in the above entitled action seeking relief pursuant to G.L. Chap. 93A, filed on **03/04/2005** in the Hampden Superior Court.

Dated at Springfield, Massachusetts this 8th day of March, 2005.

Marie G. Mazza,
Clerk of the Courts

By:

Donna M. Liebel
Case Specialist IV

ENC.

cc: Rosemary Tarantino
File