UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30075-MAP

| | |
|---|---|
| ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES,<br>    Plaintiff<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF THE DEFENDANT, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIM

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant, St. Paul Fire and Marine Insurance Company, answers the plaintiff's Complaint, paragraph by paragraph, as follows:

1. The defendant admits the allegations contained in paragraph 1 of plaintiff's Complaint.

2. The defendant admits the allegations contained in paragraph 2 of plaintiff's Complaint.

3. Paragraph 3 of the plaintiff's Complaint states a conclusion of law to which no responsive pleading is required.

4. The defendant repeats and realleges its responses to paragraphs 1 through 3 of plaintiff's Complaint and incorporates the same by reference as if fully set forth herein.

5.   The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of plaintiff's Complaint.

6.   The defendant admits the allegations contained in paragraph 7 of plaintiff's Complaint.

7.   The policy of insurance is a written document, the terms of which speak for themselves.

8.   The policy of insurance is a written document, the terms of which speak for themselves.

9.   The policy of insurance is a written document, the terms of which speak for themselves.

10.  The policy of insurance is a written document, the terms of which speak for themselves.

11.  The policy of insurance is a written document, the terms of which speak for themselves.

12.  The defendant is without sufficient knowledge to either admit or deny the allegations contained in paragraph 12 of plaintiff's Complaint. The defendant states further that some, if not all, of the "wrongful acts" as defined in the policy which led to such claims as alleged in paragraph 12 of the plaintiff's Complaint, and which may not have resulted in actual claims, were known to the plaintiff, or should have been known to the plaintiff, before the policy inception date.

13.  The defendant admits the allegations contained in paragraph 13 of plaintiff's Complaint. The defendant says further that this declination of coverage was based in whole or in part on information provided by the plaintiff – and not provided by the plaintiff and therefore

unknown, despite request for relevant information – and otherwise learned by the defendant in the course of its investigation properly undertaken under reservation of rights.

14. The policy of insurance is a written document, the terms of which speak for themselves. The defendant does admit that, under the policy, it agreed to defend and indemnify suits against the plaintiff regarding <u>covered</u> losses as defined therein, subject to certain conditions precedent.

15. The defendant is without sufficient knowledge to either admit or deny the allegations contained in the first sentence of paragraph 1 of plaintiff's Complaint. The defendant denies the allegations contained in the second sentence of paragraph 2 of plaintiff's Complaint.

## COUNT I

16. The defendant repeats and realleges its responses to paragraphs 1 through 15 of plaintiff's Complaint and incorporates the same by reference as if fully set forth herein.

17. The policy of insurance is a written document, the terms of which speak for themselves. The defendant does admit that, under the policy, it agreed to defend and indemnify suits against the plaintiff regarding <u>covered</u> losses as defined therein, subject to certain conditions precedent.

18. The defendant denies the allegations contained in paragraph 18 of plaintiff's Complaint.

19. The defendant denies the allegations contained in paragraph 19 of plaintiff's Complaint.

## COUNT II

20. The defendant repeats and realleges its responses to paragraphs 1 through 19 of plaintiff's Complaint and incorporates the same by reference as if fully set forth herein.

21. The defendant denies the allegations contained in paragraph 21 of plaintiff's Complaint.

22. The defendant denies the allegations contained in paragraph 22 of plaintiff's Complaint.

23. The defendant denies the allegations contained in paragraph 23 of plaintiff's Complaint.

24. The defendant denies the allegations contained in paragraph 24 of plaintiff's Complaint.

### THIRD DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendant was not and is not legally responsible.

### FOURTH DEFENSE

By way of affirmative defense, the defendant says that its actions were otherwise permitted under the General Laws of this Commonwealth as administered by the Commissioner of Insurance and that therefore the plaintiff cannot recover in this action.

### FIFTH DEFENSE

The complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L.c. 93A.

### SIXTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff breached the terms and conditions of the agreement or contract alleged in the plaintiff's Complaint, and that therefore the plaintiff cannot recover.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant says that the alleged agreement or contract between the defendant and the plaintiff is void for want of consideration.

## EIGHTH DEFENSE

The complaint of the plaintiff fails to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiff, or on its behalf, any amount of the loss or damage alleged.

## NINTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the defendant.

## TENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff breached the terms and conditions of the policy of insurance alleged in the plaintiff's complaint and that therefore the plaintiff cannot recover.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant says that there was an increase of hazard within the control and/or knowledge of the plaintiff, and that therefore the plaintiff cannot recover.

## TWELFTH DEFENSE

By way of affirmative defense, the defendant says that the damage and loss alleged in the plaintiff's complaint were not covered by the policy of insurance alleged in the plaintiff's complaint and that therefore the plaintiff cannot recover.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff did not comply with certain terms and conditions of the policy of insurance alleged in the plaintiff's complaint which are conditions precedent to the bringing of this action, to wit, among other things, full cooperation with the investigation of the defendant and full disclosure of all information of relevance to the policy and the alleged claim(s), and that therefore the plaintiff cannot recover in this action.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff did not comply with the conditions of the policy relating to the giving of notice and therefore cannot recover in this action.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff has failed to commence the within action within the time afforded under the pertinent statutes of the Commonwealth of Massachusetts or the pertinent provisions of the policy of insurance alleged in the plaintiff's complaint and that therefore the plaintiff cannot maintain this action.

## SIXTEENTH DEFENSE

By way of affirmative defense, the defendant says that the insurance policy described in the plaintiff's complaint was made void by reason of the concealment and/or misrepresentation of material facts or circumstances concerning the policy of insurance, and/or its issuance by the defendant, and/or the claims at issue, and therefore the plaintiff cannot maintain this action.

## SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant says that the action is barred by laches.

### EIGHTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by its conduct and actions and/or by the conduct and actions of its agents and servants, has waived any and all rights it may have had against the defendant, and therefore the plaintiff cannot recover in this action.

### NINETEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff is not entitled to recover because of its failure to mitigate damages.

### TWENTIETH DEFENSE

The plaintiff failed to comply with the provisions of the policy requiring cooperation and production of all relevant documentation and information, and therefore the plaintiff may not recover in this action.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

1.  The counterclaimant is St. Paul Fire and Marine Insurance Company, a corporation organized under the laws of and having a principal place of business in the State of Minnesota.

2.  The defendant-in-counterclaim is Eljac Corporation, d/b/a Holden Associates, a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in East Longmeadow, County of Hampden, Massachusetts.

3.  The Court has jurisdiction over this counterclaim pursuant to Fed.R.Civ.P. 13 and 57 and 28 U.S.C. §§ 2201.

4.  The counterclaimant and the defendant-in-counterclaim are parties to a contract of insurance issued by the counterclaimant to the defendant-in-counterclaim, bearing policy number GL00636530, for the policy period May 6, 2001 to May 6, 2002.

5. Under the policy of insurance, the counterclaimant agrees to "pay amounts any protected person is legally required to pay as damages for covered loss that: results from the performance of professional services; and is caused by a wrongful act committed on or after the retroactive date and before the agreement ends." The policy defines "wrongful act" as "an error, omission, negligent act, advertising injury or personal injury." The policy defines "retroactive date" as "the earliest date that a wrongful act may be committed and cause loss covered by this agreement." The retroactive date shown in the Coverage Summary portion of the policy is May 6, 1999. The policy is also subject to a $1,000 deductible for "each wrongful act." The limit of liability is $1,000,000 for "each wrongful act," which includes "all covered loss that is caused by any one wrongful act or series of related wrongful acts."

6. The defendant-in-counterclaim alleges in its Complaint that it operated a payroll service under the trade name "Professional Payroll Services," and that its creditors sustained losses "as a result of [the defendant-in-counterclaim] inadvertently, not collecting sufficient funds to cover the payment of payroll." The defendant-in-counterclaim alleges that these losses are covered under policy number GL00636530.

7. The policy provides coverage for wrongful acts as defined in the policy and set forth above (paragraph 4), including a series of wrongful acts (defined as "two or more wrongful acts, including repeated or continuous wrongful acts, that are directly or indirectly related to the same loss"). However, the policy excludes "loss that results from a series of related wrongful acts if the first wrongful act in that series of related wrongful acts was first committed before the retroactive date." The defendant-in-counterclaim has not shown that the claims of its creditors, for which it seeks coverage under the policy, arise from a series of wrongful acts the first of which was not committed before the retroactive date.

8. The policy provides coverage for wrongful acts as defined in the policy and set forth above (paragraph 4), including a series of wrongful acts (defined as "two or more wrongful acts, including repeated or continuous wrongful acts, that are directly or indirectly related to the same loss"). However, the policy excludes "loss that results from any wrongful act any protected person: knew about before the beginning date of this agreement; and could reasonably foresee would result in a claim or suit being made or brought." The defendant-in-counterclaim knew about the alleged wrongful acts, or some of them, including the first in a series of related wrongful acts, before the beginning date of the policy.

9. The policy covers "claims or suits for covered loss only when they're: first made or brought against a protected person while this agreement is in effect." The policy provides that the counterclaimant will "consider all claims or suits for covered loss caused by a wrongful act, or a series of related wrongful acts, to have been made or brought on the date that the first of those claims or suits is first made or brought." The defendant-in-counterclaim was aware of all or some of the alleged wrongful acts, including the first in a series of related wrongful acts, before the policy was in effect.

10. The policy provides that it "is void if you or any other protected person hide any important information from us, mislead us, or attempt to defraud or lie to us about any matter concerning this insurance – either before or after the loss." The defendant-in-counterclaim was aware before the policy inception date of May 6, 2001 of all or some of the claims or potential claims of its customers as alleged, including but not limited to the first in a series of related wrongful acts, yet failed to inform the counterclaimant of these matters. Further, the defendant-in-counterclaim failed to provide all information, documentation, and other material available to it and requested by the counterclaimant in its reasonable investigation of the claim at issue, subject to reservation of rights.

11.  The policy describes "What to do if you have a loss." For the coverage at issue, the policy provides: "If an accident or incident happens that may involve liability protection provided in this policy, you or any other protected person involved must: …2. Tell us or our agent what happened as soon as possible. Do this even though no demand for damages has been made against you or any other protected person, but you or another protected person is aware of having done something that may later result in a demand for damages." The defendant-in-counterclaim failed to notify the counterclaimant about the wrongful acts giving rise to its customers' claims "as soon as possible," to the prejudice of the counterclaimant.

12.  The policy describes "What to do if you have a loss." This includes: "4. Cooperate and assist us in securing…evidence…." The defendant-in-counterclaim failed to cooperate with the counterclaimant in its investigation of the claims of its customers at issue by failing to provide all relevant, material, and available information and documentation regarding the wrongful acts, series of wrongful acts, and claims of its witnesses, upon reasonable request by the counterclaimant and its agents.

13.  The policy provides the counterclaimant the "right and duty to defend a protected person against a claim or suit for loss covered by this agreement." Because the losses alleged by the defendant-in-counterclaim were not covered by the policy, for the reasons stated herein – among any other reasons not stated herein which are or may become applicable, which reasons are specifically not waived by failure to mention in this counterclaim – the counterclaimant's right and duty to defend was not triggered.

14.  An actual controversy has arisen between the counterclaimant and the defendant-in-counterclaim regarding their respective rights and duties under policy number GL00636530, in, among other particulars, the particulars set forth in this counterclaim.

WHEREFORE, the counterclaimant St. Paul Fire and Marine Insurance Company requests that the Court:

1. Declare the rights of the parties under policy number GL00636530, that:

    a. by the nature and timing of the wrongful acts at issue;

    b. by the knowledge of the defendant-in-counterclaim of the wrongful acts at issue;

    c. by the failure of the defendant-in-counterclaim to notify the counterclaimant of the potential claims arising from the wrongful acts at issue;

    d. by the failure of the defendant-in-counterclaim to reveal the wrongful acts at issue, or some of them, to the counterclaimant before the policy inception date; and

    e. by the failure of the defendant-in-counterclaim to cooperate with and provide evidence and information to the counterclaimant in its investigation under reservation of rights.

    The counterclaimant is not obliged by the policy to defend and/or indemnify the defendant-in-counterclaim with regard to the claims of its customers at issue, or any similar claims;

2. Dismiss the Complaint of the plaintiff/defendant-in-counterclaim;

3.  Award the counterclaimant its costs and attorney fees in this matter; and

4.  For such other relief as the Court deems reasonable, just and proper.

>  The Defendant/Counterclaimant,
>  ST. PAUL FIRE AND MARINE INSURANCE COMPANY
>
>  By Its Attorneys,
>  MORRISON MAHONEY LLP
>
>  _____
>  John F. Burke, BBO# 065140
>  1500 Main Street, Suite 2400
>  P.O. Box 15387
>  Springfield, MA  01115-5387
>  (413) 737-4373
>  (413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 4/6/05