UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES,<br>　　　　Plaintiff<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br>　　　　Defendant | CIVIL ACTION NO. 05-30075-MAP |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

1. The Plaintiff and Defendant-in-Counterclaim, ELJAC Corporation d/b/a Holden Associates (hereinafter "ELJAC") is without sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of the Defendant's Counterclaim, and, therefore, denies said allegations.

2. ELJAC admits the allegations contained in paragraph 2 of the Defendant's Counterclaim.

3. The allegation of paragraph 3 of the Counterclaim is a conclusion of law to which ELJAC need not respond.

4. ELJAC denies the allegation that the policy period was May 6, 2001 to May 6, 2002, however, admits the remaining allegations contained in paragraph 4 of the Counterclaim.

5. The policy of insurance, including the Coverage Summary, is a written instrument, the terms of which speak for themselves. ELJAC denies that these allegations are a full or fair statement of the contents of said policy of insurance.

6. ELJAC admits the allegations contained in Paragraph 6 of the Defendant's Counterclaim, however denies that these allegations are a full or fair statement of the contents of Plaintiff's Complaint.

7. ELJAC denies the allegations contained in paragraph 7 of the Defendant's Counterclaim.

8. ELJAC denies the allegations contained in paragraph 8 of the Defendant's Counterclaim.

9. ELJAC denies the allegations contained in paragraph 9 of the Defendant's Counterclaim.

10. ELJAC denies the allegations contained in paragraph 10 of the Defendant's Counterclaim.

11. ELJAC denies the allegations contained in paragraph 11 of the Defendant's Counterclaim.

12. ELJAC denies the allegations contained in paragraph 12 of the Defendant's Counterclaim.

13. ELJAC denies the allegations contained in paragraph 13 of the Defendant's Counterclaim.

14. The allegation of paragraph 14 of the Counterclaim is a conclusion of law to which ELJAC need not respond.

## AFFIRMATIVE DEFENSES

The Plaintiff and Defendant-in-Counterclaim, ELJAC Corporation, repeats and realleges each and every allegation contained in the preceding paragraphs of this Answer as though fully set forth herein at length.

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is barred from recovery by its own material breach of contract.

### THIRD AFFIRMATIVE DEFENSE

Defendant is barred from recovery by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is barred from recovery by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by reason of the Statute of Limitations.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim should be dismissed pursuant to M.G.L. Chapter 231, §6F, insofar as the Counterclaim is frivolous in nature.

## EIGHTH AFFIRMATIVE DEFENSE

ELJAC states that if it ever entered into the contract referred to in Defendant's Counterclaim, it did so as the result of false and fraudulent misrepresentations, knowingly and willfully made to it by Defendant, wherefore, Defendant is barred from recovery in this action.

## NINTH AFFIRMATIVE DEFENSE

Defendant has failed to state with particularity the circumstances which Defendant alleges constitute ELJAC's "wrongful acts."

WHEREFORE, the Plaintiff and Defendant-in-Counterclaim, ELJAC Corporation d/b/a Holden Associates, demands that Defendant, St. Paul Fire and Marine Insurance Company's Counterclaim be dismissed and ELJAC Corporation d/b/a Holden Associates recover costs as allowed by law.

Dated: May 9, 2005

THE PLAINTIFF,
ELJAC CORPORATION d/b/a HOLDEN ASSOCIATES,
By Its Attorney,

/s/ Carolyn L. McCaffrey
Carolyn L. McCaffrey, Esq.
BBO #646810
Frank P. Fitzgerald, P.C.
1391 Main Street, Suite 600
Springfield, MA 01103
(413) 732-2825
Fax (413) 732-3346
clm@fitzgeraldatlaw.com

## CERTIFICATE OF SERVICE

I, Carolyn L. McCaffrey, Esq., do hereby certify that on this 9th day of May, 2005, I caused service to be made of the foregoing document by mailing a copy of same to Defendant's Attorney:

John F. Burke, Esq.
Morrison Mahoney, LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387

/s/ Carolyn L. McCaffrey
Carolyn L. McCaffrey, Esq.

3